**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3379
_____

UNITED STATES OF AMERICA

v.

TERELL CRUMP,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-17-cr-00150-001)
District Judge:  Honorable Paul S. Diamond
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 17, 2023
_____

Before:  CHAGARES, *Chief Judge*, PHIPPS, and CHUNG, *Circuit Judges*.

(Filed: November 6, 2023)
_____

OPINION[*]
_____

PHIPPS, *Circuit Judge*.

While on parole for convictions under Pennsylvania law for robbery and

aggravated assault, Terell Crump – during a Facebook livestream on October 27, 2016 –

fired a gun out the window of a rowhome in a densely populated Philadelphia

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

neighborhood. The video feed also captured Crump handing a second firearm to the gun's owner, who later told an ATF agent that it had an obliterated serial number.

On those facts, Crump pleaded guilty to being a felon in possession of a firearm under 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Crump's plea agreement, which the District Court accepted, had an appellate waiver subject to specific exceptions. One of those allowed him to appeal the District Court's rulings that robbery and aggravated assault each qualified as a "crime of violence" under the United States Sentencing Guidelines. U.S.S.G. § 4B1.2(a).

In calculating Crump's sentence, the District Court concluded that both offenses constituted crimes of violence. That led to a twelve-point increase in Crump's base offense level – eight points for the first crime of violence and four additional points for the second. *See id.* § 2K2.1(a) (setting the base offense level for classes of firearms convictions, including those under 18 U.S.C. § 922(g), at 24 if the defendant had previously been convicted of two or more crimes of violence, at 20 if the defendant had been convicted of one prior crime of violence, and at 12 if the defendant had no prior convictions for crimes of violence). The District Court also increased Crump's offense level by another eight points for two specific offense enhancements – four for possession of a firearm with an obliterated serial number, *see id.* § 2K2.1(b)(4)(B), and four for using a firearm in connection with felony reckless endangerment of another person, *see id.* § 2K2.1(b)(6)(B). In aggregate, those values, after a three-point deduction for Crump's acceptance of responsibility, yielded a total offense level of 29. That score, when combined with his Category IV criminal history, resulted in a sentencing range of 121 to 151 months in prison for Crump. *See* U.S.S.G. ch. 5, pt. A. But at the time of his offense, the statutory maximum sentence for a felon-in-possession conviction was 120

months.  *See* 18 U.S.C. § 924(a)(2) (2012) (amended by the Bipartisan Safer Communities Act, Pub. L. No. 117-159, 136 Stat. 1313, 1329 (2022), which removed the ten-year statutory maximum for 18 U.S.C. § 922(g)).  In sentencing Crump on September 20, 2022, the District Court did not vary the sentence downward from the Guidelines range but imposed that statutory maximum sentence.

Crump appealed his sentence and invoked this Court's appellate jurisdiction.  *See* 18 U.S.C. § 3742; *see also* 28 U.S.C. § 1291.  He now disputes all of the determinations that increased his total offense level, each of which had a significant consequence on his Guidelines range.  If Crump is correct as to one of his challenges, then his total offense level would have been four points lower, at 25.  And with a Category IV criminal history, the Guidelines range would have been 84 to 105 months – below the statutory maximum of 120 months.  *See* U.S.S.G. ch. 5, pt. A.  If he prevails on one of his crime-of-violence challenges and one of his other attacks, then his total offense level would drop by eight points, to 21, which would result in a Guidelines range of 57 to 71 months.  *See id.*  If he succeeds on both of his crime-of-violence challenges or one crime-of-violence challenge and both of his other challenges, then Crump's total offense level would decrease by 12 points to 17, generating a Guidelines range of 37 to 46 months.  *See id.*  If he is correct about both of his crime-of-violence challenges and one of his other contentions, then his total offense level would be 13, with an accompanying Guidelines range of 24 to 30 months.  *See id.*  And if Crump wins on all four of his challenges, then his total offense level would be 9, which would result in a Guidelines range of 12 to 18 months.  *See id.*

By rule, to raise these challenges, Crump had fourteen days to file a notice of appeal, *see* Fed. R. App. P. 4(b)(1)(A), but he did not do so until 83 days after the judgment was entered.  Because that deadline is not jurisdictional for criminal cases, it

3

does not automatically bar Crump's appeal. *See Gov't of V.I. v. Martinez*, 620 F.3d 321, 328 (3d Cir. 2010). But upon a party's objection, a court "must dismiss the appeal," *id.* at 329. And here, the Government objects – but only partially. Following the same dividing line as the appellate waiver in the plea agreement, the Government objects to Crump's challenges to the four-point enhancements under § 2K2.1(b)(4)(B) for the obliteration of a serial number and § 2K2.1(b)(6)(B) for felony reckless endangerment of another person. But the Government does not object to the timeliness of Crump's appeal of his two crime-of-violence challenges. Accordingly, Crump's challenges to the four-point enhancements imposed under § 2K2.1(b)(4)(B) and § 2K2.1(b)(6)(B) will be dismissed, but his two crime-of-violence arguments, which, if both successful, would yield a Guidelines range of 37 to 46 months, remain for consideration on appeal.

In those two challenges, Crump disputes that the Pennsylvania offenses of robbery and aggravated assault qualify as crimes of violence under the elements clause or the enumerated-offense clause of Guideline § 4B1.2(a). As an initial matter, Crump's arguments require an assessment of whether the state-law offenses are indivisible or divisible. *See Descamps v. United States*, 570 U.S. 254, 257 (2013) (explaining that unlike an indivisible statute, a divisible statute "sets out one or more elements of the offense in the alternative"). From there, the application of the elemental matching process under either the categorical approach (for indivisible offenses) or the modified categorical approach (for divisible offenses), determines whether Crump's predicate state-law offenses qualify as crimes of violence. *See Mathis v. United States*, 579 U.S. 500, 504–05 (2016).

In this case, that analytical process is aided by Circuit precedent. This Court has determined that both disputed Pennsylvania predicate offenses – robbery and aggravated

4

assault – are divisible.  *See United States v. Peppers*, 899 F.3d 211, 232 (3d Cir. 2018) (holding that Pennsylvania's robbery statute, 18 Pa. Cons. Stat. § 3701(a), is divisible); *United States v. Ramos*, 892 F.3d 599, 609 (3d Cir. 2018) (holding that Pennsylvania's aggravated assault statute, 18 Pa. Cons. Stat. § 2702, is divisible).  As divisible offenses, a court can consider types of external documents to discern which section or subsection of the statute served as the basis for the conviction.  *See Mathis*, 579 U.S. at 505–06; *Shepard v. United States*, 544 U.S. 13, 16 (2005).  And here, the guilty plea for Crump's prior robbery offenses reveals that he was convicted under § 3701(a)(1)(ii).  Similarly, the charging document coupled with statutory text reveals that Crump was convicted of second-degree aggravated assault under § 2702(a)(3).[1]

Circuit precedent – decided after the District Court sentenced Crump – also answers whether those two offenses constitute crimes of violence under the Guidelines. In *United States v. Henderson*, 80 F.4th 207 (3d Cir. 2023), this Court held that a robbery conviction under § 3701(a)(1)(ii) is a categorical match with the elements clause of Guideline § 4B1.2 and is thus a crime of violence.  *Id.* at 211–15.  Consequently, the District Court did not err in using that prior offense to determine Crump's base offense level.  But in *United States v. Jenkins*, 68 F.4th 148 (3d Cir. 2023), this Court held that second-degree aggravated assault under § 2702(a)(3) is not a violent felony under the Armed Career Criminal Act.  *Id.* at 155.  Because the term 'violent felony' in the ACCA receives the same meaning as the term 'crime of violence' in Guideline § 4B1.2, *see Jenkins*, 68 F.4th at 151 n.3, Crump's conviction for second-degree aggravated assault –

---

[1] The parties dispute which subsection served as the basis for Crump's aggravated assault conviction.  The Government argues that it was under (a)(3), while Crump argues that it was (a)(2).  But Crump could not have been convicted under subsection (a)(2), which is a first-degree felony, *see* 18 Pa. Cons. Stat. § 2702(b) (grading crimes), because the charging document reveals that Crump was charged, and later convicted, of a second-degree felony aggravated assault.

which is not a violent felony under the ACCA, *see id.* at 155 – should not have been used to determine Crump's base offense level.

For that reason, on this *de novo* review of the legal issues challenged on appeal, we will vacate Crump's sentence and remand to the District Court for resentencing.